UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:97-cr-40 |
| | ) | *Edgar* |
| JOHNNY ALEXANDER | ) | |

**MEMORANDUM AND ORDER**

On July 19, 2005, defendant Johnny Alexander ("Alexander") filed a *pro se* motion for modification and reduction of his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Court Doc. No. 215]. The government opposes the motion. [Court Doc. No. 217]. After reviewing the record, the Court concludes that Alexander's motion [Court Doc. No. 215] is frivolous and must be **DENIED**. The Court agrees with the government's brief in opposition. For the reasons expressed by the government, Alexander is not entitled to any relief under 18 U.S.C.§ 3582(c)(2).

**I.   Facts**

Alexander executed a plea agreement and entered a guilty plea. On July 30, 1998, this Court sentenced him to a term of imprisonment of 180 months.

In the presentence report, the probation officer calculated the offense level under U.S.S.G. § 2D1.1 based upon: (1) the amount of methamphetamine involved in the conspiracy; (2) a two-level enhancement for obstruction of justice based upon Alexander's attempt to escape

-1-

from custody in the Hamilton County Jail prior to his guilty plea; and (3) a three-level reduction for acceptance of responsibility. This initially resulted in a total offense level of 33. However, based on Alexander's prior felony drug convictions, he was considered a career criminal offender which resulted in a total offense level of 34 after the reduction for acceptance of responsibility. With a criminal history category IV, Alexander's guideline range was 262 to 327 months.

The United States made a motion for downward departure based on Alexander's substantial assistance. The Court granted the motion for downward departure and sentenced Alexander to 180 months imprisonment. The final judgment of conviction was entered on July 30, 1998. [Court File No. 153]. Alexander did not take a direct appeal from the judgment of conviction and sentence. He did not make a motion for post-conviction relief under 28 U.S.C. § 2255.

On June 26, 2000, the Supreme Court of the United States rendered its decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). On January 12, 2005, the Supreme Court rendered its decision in *United States v. Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Alexander's criminal case was not pending on direct review in any federal court when *Apprendi* and *Booker* were decided.

In the aftermath of *Apprendi* and *Booker*, Alexander filed a *pro se* motion on July 19, 2005, for modification and reduction of his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Court Doc. No. 215]. In support of his motion, Alexander relies on Amendment

591 to the United States Sentencing Guidelines. He also cites several Supreme Court decisions including *Booker*, *Apprendi*, and *Blakely v. Washington*, 542 U.S. 296 (2004).

**II.     Analysis**

Alexander's motion fails for the following reasons.

**A.     Amendment 591 Does Not Apply In This Case**

18 U.S.C. § 3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o), the Court in its discretion may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if such a reduction in sentence is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement in U.S.S.G. 1B1.10(a) provides that where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Sentencing Guidelines listed in U.S.S.G. § 1B1.10(c), then a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). However, if none of the amendments listed in U.S.S.G. § 1B1.10(c) are applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is not authorized. The particular amendments to the Sentencing Guidelines covered by this policy statement which may be applied retroactively under 18 U.S.C. § 3582(c)(2) are specified in U.S.S.G. § 1B1.10(c).

In the instant motion, Alexander relies on Amendment 591 which was adopted by the Sentencing Commission effective November 1, 2000. Although Amendment 591 is listed in U.S.S.G. § 1B1.10(c), it cannot be retroactively applied to lower Alexander's sentencing guideline range pursuant to 18 U.S.C. § 3582(c)(2). For the reasons expressed by the government in its response [Court Doc. No. 217], Amendment 591 is not applicable to the facts and circumstances in Alexander's case. Consequently, Alexander is not eligible for modification and reduction of his sentence of imprisonment under 18 U.S.C. § 3582(c)(2). In the absence of an applicable retroactive amendment to the sentencing guidelines adopted by the Sentencing Commission, this Court lacks the jurisdiction and authority to grant any relief to Alexander under 18 U.S.C. § 3582(c)(2).

      **B.**     ***Apprendi* and *Booker* Do Not Apply**

The instant motion is an attempt by Alexander to appeal or otherwise obtain judicial review to correct what he contends was an error in the determination of his status as a career offender. He also seeks to benefit from *Apprendi* and *Booker* which were decided by the Supreme Court subsequent to the final judgment and imposition of sentence in Alexander's case.

Alexander's argument that he was improperly classified as a career offender at the time of sentencing is completely without merit. In any event, this Court cannot reconsider the matter now under 18 U.S.C. § 3582(c)(2).

The gist of Alexander's argument is that *Booker*, which makes the United States Sentencing Guidelines advisory, changed the sentencing scheme in such a way as to justify a reduction of his sentence of imprisonment under 18 U.S.C.§ 3582(c)(2). Instead of relying on

an applicable retroactive amendment to the Sentencing Guidelines adopted by the Sentencing Commission as required by 18 U.S.C. § 3582(c)(2), Alexander improperly seeks relief under § 3582(c)(2) based on *Apprendi* and *Booker*. This he cannot do. Alexander's effort to incorporate the *Apprendi* and *Booker* holdings into his motion fails.

Alexander cannot utilize the Supreme Court's decisions in *Apprendi* and *Booker* to obtain relief pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is limited to situations where a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and the policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.10(c) that make the amendment retroactive. By its plain language, 18 U.S.C. § 3582(c)(2) is not implicated and triggered by *Apprendi* and *Booker*. *Apprendi* and *Booker* are not the same as or equivalent to an actual amendment of the Sentencing Guidelines by the Sentencing Commission. In sum, Alexander is unable to meet the threshold conditions for invoking § 3582(c)(2) merely by asserting *Apprendi* and *Booker,* or any other Supreme Court decision. 18 U.S.C. § 3582(c)(2) is not a statutory vehicle for advancing claims for post-conviction relief based on *Apprendi* and *Booker*. *United States v. Sanchez,* 2005 WL 1798284 (3rd Cir. Aug. 1, 2005); *United States v. Joseph,* 130 Fed. Appx. 357, 360, 2005 WL 1038766, *3 (11th Cir. May 4, 2005); *United States v. Privette*, 129 Fed. Appx. 897, 899, 2005 WL 995951, *1 (5th Cir. April 29, 2005); *United States v. Cooper*, 2005 WL 1606363 (D.D.C. July 1, 2005); *United States v. Culp*, 2005 WL 1799252 (D. Kan. June 30, 2005); *United States v. Durr*, 2005 WL 1318836 (S.D. Ohio June 1, 2005); *United States v. Hall*, 2005 WL 1176049 (E.D. Pa. May 17, 2005); .

-5-

Case 1:97-cr-00040-TRM-CHS   Document 218   Filed 11/09/05   Page 5 of 8   PageID #: 8

Even if we assume *arguendo* that *Booker* could be characterized as an "amendment" to the Sentencing Guidelines within the meaning of 18 U.S.C.§ 3582(c)(2), that amendment would not result in a reduction of the guideline range applicable to Alexander as required by § 3582(c)(2) before a sentence may be retroactively modified and reduced. *Booker* does not modify or reduce the sentencing guideline range applicable to a defendant based on his criminal offense. Rather, *Booker* holds that federal judges are no longer bound by that guideline range. *Booker*, 125 S.Ct. at 757. After *Booker*, a sentencing court must consider the guideline ranges, but the guidelines are advisory and the court may "tailor" the sentence in light of other statutory concerns as well, see 18 U.S.C. § 3553(a). *Id*. *Booker* does not afford any retroactive relief to Alexander under § 3582(c)(2). *Cooper*, 2005 WL 1606363; *cf. United States v. Smith*, 88 Fed. Appx. 71, 73, 2004 WL 259228, * 2 (6th Cir. Feb. 10, 2004) (Holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not affect sentencing guideline ranges and does not afford any relief to federal prisoners under 18 U.S.C. § 3582).

There is another reason why *Apprendi* and *Booker* are not applicable here. Alexander's criminal case was not pending on direct review in any federal court when the Supreme Court rendered its decisions in *Apprendi* and *Booker*.

It is well settled that *Booker* is not to be applied retroactively in collateral proceedings, including motions by federal prisoners for post-conviction relief under 28 U.S.C. § 2255. The holding in *Booker* applies only to cases pending on direct review at the time *Booker* was decided. *Booker*, 125 S.Ct. at 769; *United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1186-88 (10th Cir. 2005); *Lloyd v. United States*, 407

F.3d 608 (3rd Cir.), *cert. denied*, 126 S.Ct. 288 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 2005 WL 1671557, 74 U.S.L.W. 3207 (Oct. 3, 2005); *Hill v. United States*, 2005 WL 2060804, * 6 (E.D. Tenn. July 25, 2005); *Tramble v. United States*, 2005 WL 1421618 (E.D. Tenn. June 15, 2005).

The same is true of *Apprendi*. The Sixth Circuit has held that *Apprendi* is not to be applied retroactively in any collateral proceedings, including motions by federal prisoners for post-conviction relief under 28 U.S.C. § 2255. The Supreme Court's holding in *Apprendi* applies only to cases that were pending on direct review at the time *Apprendi* was decided on June 26, 2000. *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002); *see also, Deaton v. United States*, 102 Fed. Appx. 457 (6th Cir. June 15, 2004); *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003); *Regalado v. United States*, 334 F.3d 520, 526-27 (6th Cir. 2003).

If this Court were to accept Alexander's argument that a federal prisoner can make a motion for reduction in sentence under 18 U.S.C.§ 3582(c)(2) based on *Booker*'s general effect on the Sentencing Guidelines, then anyone could utilize *Booker* to move for a retroactive sentence reduction under § 3582(c)(2). This would essentially make *Booker* retroactive through the guise of § 3582(c)(2) motions by federal prisoners. This is not what the Supreme Court intends in *Booker*. This Court cannot allow such a retroactive application of *Booker* under § 3582(c)(2). *Durr*, 2005 WL 1318836; *see also United States v. Mitchell,* 122 Fed. Appx. 539, 2005 WL 387974 (2nd Cir. Feb. 18, 2005); *Hall*, 2005 WL 1176049.

Finally, the Court does not construe and treat Alexander's 18 U.S.C. § 3582(c)(2) motion as a motion for post-conviction relief under 28 U.S.C. § 2255 based on *Apprendi* and

-7-

*Booke*r. Alexander does not cite 28 U.S.C. § 2255. As discussed *supra, Apprendi* and *Booker* do not apply retroactively in collateral post-conviction proceedings under 28 U.S.C. § 2255. Any motion by Alexander brought under 28 U.S.C. § 2255 predicated on the argument that *Apprendi* and *Booker* should be applied retroactively to his case would be frivolous and futile.

### III.     Conclusion

Accordingly, defendant Alexander's motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a modification and reduction in his sentence of imprisonment [Court Doc. No. 215] is **DENIED**.

SO ORDERED.

ENTER this *9th day of November, 2005*.

> /s/ R. Allan Edgar
> R. ALLAN EDGAR
> UNITED STATES DISTRICT JUDGE