# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JOHNNY ALEXANDER, | ) |
| *Petitioner*, | ) Case No. 1:97-cr-40; 1:16-cv-321 |
| v. | ) Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Christopher H. Steger |
| *Respondent*. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner Johnny Alexander's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code. (Doc. 267.) For the following reasons, Petitioner's motion will be **DENIED**.

## I. BACKGROUND

In 1998, Petitioner pleaded guilty to one count of conspiracy to manufacture methamphetamine, in violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A). (Doc. 50.) The Court subsequently sentenced Petitioner to 180 months' imprisonment followed by a five-year term of supervised release. (Doc. 153.) In March 2011, Petitioner finished his term of imprisonment and began his five-year term of supervised release. (*See* Doc. 240.)

In April 2013, after violating the conditions of his supervised release, the Court revoked Petitioner's supervised release and sentenced him to eight months' imprisonment, followed by four years of supervised release (the "First Revocation"). (Doc. 250.) Petitioner did not appeal the Court's revocation judgment. Petitioner completed his term of imprisonment and began serving his four-year term of supervised release in January 2014. (*See* Doc. 258.)

In May 2016, Petitioner appeared before the Court after again violating the conditions of his supervised release (the "Second Revocation"). At his revocation hearing, Petitioner argued that his violation should be considered a "Grade C" violation, rather than a "Grade A" violation. (*See* May 9, 2016 Hr'g. Tr.) The Court agreed and calculated Petitioner's guidelines range as eight to fourteen months' imprisonment. (*Id.*) The Court nonetheless sentenced Petitioner to an above-guidelines sentence of thirty months' imprisonment followed by no term of supervised release. (Doc. 265.) Petitioner did not appeal the Court's revocation judgment.

On July 29, 2016, Petitioner filed a motion to vacate, set aside, or correct his revocation sentence pursuant to Title 28, Section 2255 of the United States Code.[1] (Doc. 267.) In his motion, Petitioner argues that the Court's revocation sentence was unlawful because the "Court did not apply the ex p[o]st facto clause of old USSG§ when resentencing to a term of 30 months," and because the Court did not credit him for the time he previously served on supervised release. (Doc. 267, at 5; Doc. 268, at 3–4.) On September 2, 2016, Petitioner filed a motion to amend his § 2255 motion, which the Court granted. (Docs. 269, 272.) In the Court's order granting Petitioner's motion to amend, it instructed Petitioner to file an amended pleading within twenty days. (Doc. 272, at 2.) The Court also notified Petitioner that, if he did not file an amended pleading within twenty days, it would "look to his originally filed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255." (*Id.*) To date, Petitioner has not filed an amended pleading.

---

[1] In its response to Petitioner's motion, the Government acknowledges that Petitioner's motion was timely filed. (Doc. 277, at 3.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Although not entirely clear, it appears that Petitioner contends the Court's revocation sentences: (1) exceed the maximum sentences permitted under applicable law; and (2) violate the Ex Post Facto clause of the United States Constitution. (*See* Docs. 267, 268.) In his motion, Petitioner argues that any term of imprisonment or any additional term of supervised release imposed in connection with revocation of his supervised release should have been limited by the five-year term of supervised release imposed in connection with his original conviction, with him receiving credit against the five-year term for time previously served on supervised release or in custody. (Doc. 268, at 3) Specifically, Petitioner contends that, based on time previously served on supervised release or in custody, the Court erred by: (1) imposing a term of supervised release exceeding twenty-eight months in connection with his First Revocation; and (2) imposing a term of incarceration exceeding twenty months in connection with his Second Revocation. (*Id.* at 2.)

As an initial matter, Petitioner's challenges to the Court's sentencings are procedurally defaulted. Petitioner did not directly appeal the Court's calculation, duration, or legality of his sentences. Accordingly, to obtain review of these sentences in connection with a motion made pursuant to Title 28, Section 2255 of the United States Code, Petitioner must demonstrate good cause for not raising this argument on direct appeal and that actual prejudice will result if not reviewed. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has made no such showing and, thus, his challenges to the Court's sentences are procedurally defaulted. *See id.* at 885–86.

Even if Petitioner's claims were not procedurally defaulted, he is still not entitled to relief pursuant to Title 28, Section 2255 of the United States Code. First, Petitioner appears to argue that the Court violated the Ex Post Facto clause of the United States Constitution in the Second Revocation, because it sentenced him under a version of the United States Sentencing Guidelines providing a higher advisory sentencing range. There is nothing to support Petitioner's assertion. The guidelines in effect at the time of his sentencing in connection with the Second Revocation (the 2016 version), at the time he committed the violation resulting in the Court revoking his supervised release (the 2015 version), and at the time of his original conviction (the 1997 version) all provide a guidelines range of eight to fourteen months' imprisonment for a Grade C violation. (*Compare* U.S.S.G. § 7B1.4, Revocation Table, Nov. 1997, Nov. 2015, & Nov. 2016). Accordingly, Petitioner has not demonstrated that the Court erred in calculating his advisory guidelines range in connection with the Second Revocation or that the Court violated the Ex Post Facto clause of the United States Constitution by imposing an above-guidelines term of incarceration of thirty months.

Petitioner's argument that the Court's revocation sentences exceeded the maximum sentence permitted under the law is also incorrect. In relevant part, Title 18, Section 3583(e)(3) of the United States Code provides that the Court may revoke a term of supervised release:

> and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release ***without credit for time previously served on postrelease supervision***, . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . .

(emphasis added).

In this case, Petitioner's conviction for conspiracy to manufacture methamphetamine in violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A) constitutes a "class A felony." *See* 18 U.S.C. § 3559(a). Accordingly, in revoking Petitioner's supervised release, the Court was permitted to require Petitioner to serve in prison all or part of his term of supervised release, not to exceed five years, without Petitioner receiving credit for time previously served on post-release supervision. *See* 18 U.S.C. 3583(e)(3). Under these parameters, the Court could have imposed a five-year term of incarceration in connection with Petitioner's First Revocation. Instead, the Court imposed an eight-month term of incarceration followed by a four-year term of supervised release. Similarly, taking into account Petitioner's eight-month term of imprisonment served in connection with his First Revocation, the Court was limited to imposing a fifty-two month term of imprisonment in connection with Petitioner's Second Revocation. Although the Court ultimately imposed an above-guidelines term of imprisonment of thirty months, that term was still shorter than the statutory maximum permitted under Title 18, Section 3583(e)(3) of the United States Code. Accordingly, Petitioner has failed to demonstrate that the Court imposed an

5

unlawful sentence or that Petitioner is otherwise entitled to relief pursuant to Title 28, Section 2255 of the United States Code.

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**